**In re MILLER.**

**No. 23111.**

United States District Court
D. Connecticut.

March 16, 1951.

Minniola O. Miller, pro se.

Henry P. Bakewell, Alcorn, Bakewell & Alcorn, Hartford, Conn., William Leete, Thompsonville, Conn., Elihu H. Berman, Hartford, Conn., for respondent.

SMITH, District Judge.

This matter under Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, is

before the Court on three pleadings, petitioner's application for confirmation of plan of extension filed with the Conciliation Commissioner on or about October 14, 1950, petitioner's petition for review, filed December 28, 1950, seeking review of the report of the Conciliation Commissioner on the plan, and the motion of Malvy Realty Company, a secured creditor, to dismiss the proceedings, filed on or about January 20, 1951.

The matters were assigned for hearing February 5, 1951. Petitioner did not appear or communicate with the Court, but it was reported by counsel for Malvy Realty Company that he had heard petitioner was ill.

Hearing was had before the Court February 19, 1951, at which counsel for Malvy Realty Company and petitioner were heard. Two weeks were allowed for filing of briefs, extended one day on request of petitioner.

I. The petition for review of the Commissioner's report on the plan must be denied.

The Commissioner reported that only three creditors had timely filed proofs of claim, the Pioneer Loan Company, in the sum of $308, M. A. Berman, in the sum of $35, and Malvy Realty Company in the sum of $3,195. These claims were allowed in the following amounts:

*Unsecured*
| | | |
|---|---|---|
| M. A. Berman | $ 35.91 | |
| Pioneer Loan | 350.00 | |
| Total unsecured claims filed and allowed— | | $385.91 |

*Secured*
| | | |
|---|---|---|
| The Malvey Realty Company | $2,281.64 | |
| Total secured claims filed and allowed— | | $2,281.64 |

Of the claims allowed, only Pioneer Loan and Finance Company filed an acceptance of the plan.

Total acceptances were filed from ten unsecured creditors in the sum of $2,580.08. None of these claims except that of Pioneer Loan was filed or allowed.

At the hearing before the Commissioner, objections to the plan were made by Malvy Realty Company and Suffield Savings Bank, secured creditors listed in the schedules as having claims totalling $16,132.26.

Petitioner objects to the vote of the Suffield Savings Bank because no proof of claim was timely filed. This objection appears to be well taken. The only claims entitled to vote are the three filed and allowed. On their vote, however, the plan must be rejected.

Petitioner seeks to avoid this result by a claim that Malvy Realty Company cannot vote because (1) it is a secured creditor, and (2) because the claim shows a preference to Malvy Realty Company and it was part of a conspiracy to restrain petitioner's business which caused the institution of these proceedings upon an earlier petition in 1941.

(1) Secured creditors are not barred from voting under Section 75, for they are affected by any such plan as proposed here, which would indefinitely postpone any realization upon their debts and might further impair their security. The limitations of voting by secured creditors under other chapters of the Act are not applicable under Section 75.

(2) This petition was filed June 22, 1948, The purchase money mortgage to the Malvy Realty Company, which appears to have been executed by petitioner to repurchase property theretofore lost on foreclosure in the state courts, was dated October 23, 1941. No facts are alleged to support any conceivable claim of illegal preference. Nor are any facts in the record pointed out by petitioner which could conceivably support her defense of Sherman Act violation on the part of the creditor here.

II. The application for approval of the plan must be denied, since the requisite percentage in number and amount of creditors eligible to vote have failed to accept it.

Even had the requisite acceptances been filed, the proposed plan could not be approved in its present form, for it is no

plan. It does not provide any method or time schedule for liquidation of the existing indebtedness.

III. Since no acceptable plan has been presented and approved, the motion to dismiss must be granted.

■ Moreover, the lack of diligence by the petitioner in using the Bankruptcy Act and the delay to her creditors caused thereby would require dismissal even had the technical requirements of the Act been otherwise met.

Petitioner has made many charges of fraud and conspiracy against her on the part of her own former counsel and on the part of counsel for her creditors. She has contended that a conspiracy existed between her own counsel who instituted the original proceedings in this court in 1941, when several foreclosure proceedings were pending against her or about to be commenced in the state courts, and counsel for her creditors, to force her into this court and despoil her of her properties. She apparently attempts to draw some unfavorable inference from the fact that her own counsel and a minority stockholder in a creditor corporation were then or later Conciliation Commissioners for this county. Neither one, however, acted as a commissioner in this case or any of the preceding cases involving this petitioner. Nor can the Court find that because the attorney for the town which seeks to collect taxes on the petitioner's lands is alleged also to be a town police commissioner when petitioner's house is alleged to have been broken into, that a conspiracy exists to use the process of this court to despoil petitioner.

In any case, the pending petition was brought by the petitioner herself, she was found to be a farmer by the Court over the vigorous objection of those of her creditors whom she accuses, and she has utterly failed to take diligent action to use the processes of the Act for her rehabilitation as a farmer.

The principal dates in the history of this and preceding petitions in this court are outlined in the Malvy motion and are not disputed by petitioner.

Two earlier petitions were dismissed on the ground that petitioner had not established that she was a farmer within the meaning of the Act. In the first case, in which petitioner was represented by counsel, the order of dismissal was entered May 8, 1942, the appeal to the Court of Appeals was dismissed because not timely filed on December 10, 1942. Thereafter petitioner appeared pro se. In the second case, filed by petitioner December 12, 1942, a motion to dismiss on the ground that petitioner had not established that she was a farmer within the meaning of the Act was granted October 26, 1944, appeal was taken, the case remanded to the District Court July 13, 1945, further hearings had, and again dismissed May 16, 1946. Notice of appeal was filed May 24, 1946. Appeal was dismissed for lack of prosecution October 2, 1947. Certiorari and rehearing were denied by the Supreme Court, the latter June 14, 1948.

The petition in this case was filed June 22, 1948. On October 20, 1949 the Conciliation Commissioner recommended dismissal on the ground that petitioner was not a farmer. After further hearings, the Court rejected the recommendation of the Commissioner and on February 9, 1950 found that the petitioner had shown a change in her circumstances since the earlier petitions, by reason of which she was entitled to proceed as a farmer.

Petitioner objected to some of the language in the Court's recapitulation of the history of the case in its memorandum in her favor and on February 21, 1950 moved to alter and amend the memorandum. This motion was denied on March 13, 1950. On that date petitioner filed a notice of appeal from the denial of the motion to alter and amend the memorandum. Time for perfecting appeal was extended several times by the Court of Appeals, the last to December 20, 1950.

In the meantime the Commissioner ordered the petitioner to file her plan or arrangement by May 15, 1950. After several oral extensions, petitioner filed a purported plan on June 19, 1950 with a request to withhold action for two weeks for her to file a further plan, which was

filed August 23, 1950. November 14, 1950 the Conciliation Commissioner filed her report on the purported plan. November 24, 1950 petitioner filed a motion to alter and amend the report, which motion was denied December 2, 1950. Time for filing petition for review was extended December 6, 1950 and December 18, 1950, the petition being filed December 26, 1950. No further action was taken by petitioner to bring on for hearing the application for approval of the plan or the petition for review. On application of a creditor they were set down for hearing February 5, 1951, as stated above. Some consideration may be expected by a layman who finds it difficult to prepare and file pleadings in court proceedings, but in view of petitioner's education and intelligence and many years of experience in litigation, the Court cannot find that she has been diligent in attempting to present any workable plan since she was ordered, on April 29, 1950, to present one, or to press for action on the purported plan filed.

It is now more than nine years since any payment of taxes or mortgage interest on petitioner's Connecticut properties.

It may be that petitioner had, as she claims, equities in those properties, which she was about to lose by foreclosure when she came into this court in 1941. Had she gone forward diligently even in 1950, and obtained the requisite consents under the Act, it might have been possible to propose a plan of arrangement to protect the interests both of petitioner and her creditors.

 In the absence of a feasible plan, however, and reasonable diligence in forming and proposing one, the Act cannot be used as an indefinite postponement of all obligations of a farmer.

Petitioner cites cases to the proposition that judgments may be set aside for fraud upon the Court. That is so in a proper case, but here she apparently seeks to attack state court judgments in this bankruptcy court, on matters as to which the question of the validity of any particular judgment is not shown to be in issue.

In her brief, petitioner puts forward the claim that she discovered a "whole course of evidence" June 21, 1949, "which will show that since the beginning of these proceedings in 1941, this Court has been systematically defrauded by the false and malicious claims, the deceits, concealments and connivance of opposing parties and/or their counsel."

Such an allegation, vague, general and unrelated to the particular matters in the petition for review, application for confirmation and motion to dismiss, is not sufficient to justify further continuance of these proceedings under Section 75. Any defenses to claims in foreclosure actions and any grounds for reopening state court judgments for fraud may be presented to the state courts. Any genuine evidence of deceit practiced on this Court may be presented to this Court.

The petition for review is denied.

The application for approval of the plan is denied.

It is ordered that the petition under Section 75 of the Bankruptcy Act filed in this case and approved as properly filed on June 21, 1948 be and it is hereby dismissed.